FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

07 NOV 14 PM 3: 21

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

_____ Division

## CIVIL RIGHTS COMPLAINT FORM

DAVIS Julius DAVORN #E-049655     CASE NUMBER: 3:07-CV-1056-J-12HTS
                                                    (To be supplied by Clerk's Office)

_____

_____
(Enter full name of each Plaintiff and prison number, if applicable)

v.

James R. McDonough,
James V. Crosby Florida
Department of Corrections
Medical Department.

(Enter full name of each Defendant. If additional space is required, use the blank area directly to the right).

_____ /

### ANSWER ALL OF THE FOLLOWING QUESTIONS:

DAVIS Julius DAVORN #E-049655

I.   PLACE OF PRESENT CONFINEMENT: Columbia Correctional Institution
                                    (Indicate the name and location)
     216 South East Corrections Way
     Lake City, Florida 32025-2013

II.  DOES YOUR COMPLAINT CONCERN EVENTS IN A STATE PRISON FACILITY WITHIN THE FLORIDA DEPARTMENT OF CORRECTIONS? Yes (✓) No ( )

     [If your answer is YES, after reviewing the exhaustion requirements, answer the following questions]

DC 225 (Rev. 9/03)

1

EXHAUSTION OF ADMINISTRATIVE REMEDIES: Pursuant to the Prison Litigation Reform Act or 1995, Title VIII, Section 803 Amendments to Civil Rights of Institutionalized Persons Act, exhaustion of administrative remedies is required in any action brought with respect to prison conditions under 42 U.S.C. § 1983, or any other federal law, by a prisoner confined in any jail, prison, or other correctional facility. Any required grievances, appeals, and responses must be submitted to the Court to verify exhaustion. (If your Complaint concerns conditions at state prison facilities, you must answer the following questions in Section II of this form. If the Complaint concerns conditions at a county jail or local correctional facility, you must complete Section III of this form.)

EXHAUSTION STEPS ORDINARILY REQUIRED FOR COMPLAINTS ABOUT CONDITIONS AT STATE PRISON FACILITIES:

General Grievance

    1. Informal Grievance (Form DC3-005)
    2. Formal Grievance (Form DC1-303)
    3. Appeal to the Office of Secretary (Form DC1-303)

Other Grievance

Inmates are not required to utilize the informal Grievance process in the case of an emergency grievance, a grievance of reprisal, a grievance of a sensitive nature, a grievance alleging violation of the Americans with Disabilities Act, a medical grievance, a grievance involving admissible reading material, a grievance involving gain time governed by rule 33-11.0065 Incentive Gain Time, or a grievance involving disciplinary action (does not include corrective consultations) governed by chapter 33-22. The grievance steps are set forth in Fla. Admin. Code Chapter 33-29.

Questions:

A.    Emergency Grievance, Grievance of Reprisal, or Grievance of a Sensitive Nature, Grievance Alleging Violation of the American with Disabilities Act, Medical Grievance, Grievance, Grievance Involving Admissible Reading Material, Grievance Involving Gain Time Governed by Rule 33-11.0065 Incentive Gain Time, or Grievance Involving Disciplinary Action Governed by Chapter 33-22 (Request for Administrative Remedy or Appeal, bypassing the informal grievance step).

    1. Did you submit an above-mentioned grievance to the Superintendent and/or to the office of Secretary (Form DC1-303)? Yes (✓) No ( )

    2. If so, you must attach a copy of the grievance and response to this Complaint form. okey

    3. Were you denied emergency status? Yes ( ) No (✓)

        a. If so, did you go through the informal grievance, formal grievance and appeal process? Yes ( ) No (✓)

        b. If so, you must attach copies of the grievance/appeals and responses to this Complaint form. okey

B.    Informal Grievance (Request for Interview)

1. Did you submit an informal grievance (Form DC3-005)? Yes (✓) No ( )

2. If so, you must attach a copy of the grievance and response to this Complaint form. okey

C. <u>Formal Grievance</u> (Request for Administrative Remedy or Appeal)

1. Did you have a disciplinary hearing concerning this matter? Yes (✓) No ( )

2. If so, you must attach a copy of the disciplinary report and disciplinary committee's findings and decision to this Complaint form. okey

3. Did you submit a formal grievance (Form DC1-303)? Yes (✓) No ( )

4. If so, you must attach a copy of the grievance and response to this Complaint form. okey

D. <u>Appeal to the Office of the Secretary</u> (Request for Administrative Remedy or Appeal)

1. Did you submit an appeal to the Office of the Secretary (Form DC1-303)? Yes (✓) No ( )

2. If so, you must attach a copy of the appeal and response to this Complaint form. okey

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _____.

_David Julius Dawson # E-049655_
Signature of Plaintiff

DC 225 (Rev. 9/03)

3

III. <u>DOES YOUR COMPLAINT CONCERN EVENTS IN A COUNTY JAIL OR LOCAL FACILITY?</u> Yes (✓) No ( )  CoRRectioNAL INstitution

If your answer is YES, answer the following questions.

A. Is there a grievance procedure at your institution or jail? Yes (✓) No ( )

B. Did you present the facts relating to your Complaint in the grievance procedure? Yes (✓) No ( )

C. If your answer is YES:

1. What steps did you take? informal, formal and Appeal to the office of secretery of Department of corrections

2. What were the results? should you experience problems, sich call is available so that you may present your concern to your health care staff.

3. To demonstrate exhaustion, you must submit copies of all relevant grievances/appeals and responses. okey

D. If your answer is NO, explain why not: See Attach copys

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING ANSWERS TO THE QUESTIONS IN THIS SECTION ARE TRUE AND CORRECT.

Signed this _____ day of _____, 2 _____.

_Davis Julius Dawson_ #E-049655
Signature of Plaintiff

DC 225 (Rev. 9/03)

4

IV. **PREVIOUS LAWSUITS:**

A. Have you initiated other lawsuits in <u>state</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No (✓)

B. Have you initiated other lawsuits in <u>federal</u> <u>court</u> dealing with the same or similar facts involved in this action or otherwise relating to your imprisonment or conditions thereof? Yes (✓) No ( ) injunctive relief dismiss without prejudice

C. If your answer to either A or B is YES, describe each lawsuit in the space provided below. If there is more than one lawsuit, describe all additional lawsuits on a separate piece of paper, using the same format as below.

1. Parties to previous lawsuit:

    Plaintiff(s): DAVIS Julius DAVORN

    VS.

    Defendant(s): SECRETARY, Department of CORRECTIONS et, Al

2. Court (if federal court, name the district; if state court, name the county):

    U.S. District Court middle District of Florida

3. Docket Number: 3:07-CV-867

4. Name of judge: Timothy J. CORRIGAN

5. Briefly describe the facts and basis of the lawsuit: if this motion FOR Declatory Judgement And Injunctive Relief

6. Disposition (Was the case dismissed? Was it appealed? Is it still pending?): dismiss without prejudice.

7. Approximate filing date: 9-12-2007

8. Approximate disposition date: 11th day of September-2007

D. Have you initiated lawsuits or appeals from lawsuits in federal court that have been dismissed as frivolous, malicious or for failure to state a claim upon which relief may be granted? If so, identify theses suits below by providing the case number, the style,

DC 225 (Rev. 9/03)

5

and the disposition of each case:

this is the first case to be file in federal court of the united States District Court middle District of florida Jacksonville Division

V. PARTIES: In part A of this section, indicate your full name in the first blank and your full mailing address in the second blank. Do the same for each additional Plaintiff named in the Complaint (if any) in part B of this section:

A. Name of Plaintiff: DAViS Julius DAvoRN #E-049655

Mailing address: Columbia Correctional Institution 216 South EAst Corrections WAy, lAke City, florida 32025-2013

B. Additional Plaintiffs: None

In part C of this section, indicate the full name of the first named Defendant. Also, fill in his or her mailing address, position, and where he or she is employed. For any additional Defendants, use parts D through G of this section for the names, addresses, positions and places of employment:

1 C. Defendant: JAMES V. CRosby / JAMES R. McDoNough

Mailing Address: 2601 BlAirston RoAd, TallaHassee, florida 32399 Leon County

Position: Secretary, florida Department of Corrections

Employed at: TallaHassee, florida over D.O.C.

2 D. Defendant: PilAR TouRNAu, IISC

Mailing Address: 2601 BlAirston Road TallaHassee, florida 32399

Position: IISC

DC 225 (Rev. 9/03)

6

        Employed at: PRINCIPLE Office of D.O.C. Tallahassee, FLA.

3  E.  Defendant: PILAR GUDINO
        Mailing Address: FLORIDA DEPARTMENT of CORRECTIONS 2601 Blairston Road, Tallahassee, Florida 32399
        Position: IISC
        Employed at: Department of Corrections

4  F.  Defendant: J. Aviles, CHO
        Mailing Address: 2601 Blairston Road Tallahassee, Florida 32399
        Position: Chief Doctor of Union C.I.
        Employed at: D.O.C.

5  G.  Defendant: W. Whitehurst / Paul C. Decker
        Mailing Address: 7819 North West 228th Street Raiford, Florida 32026
        Position: Warden of Union C.I.
        Employed at: Union C.I. D.O.C.

6  D. Defendant: **Dr. Hiep N. Guyen, M.D.**
   Mailing Address: 216 South East Corrections Way Lake City, Florida 32025
   Position: Chief Doctor of Columbia C.I.
   Employed at: D.O.C./Columbia C.I.

7  E. Defendant: **Morley H. MH009** Last Known Address is 216 South East Corrections Way
   Mailing Address: Lake City, Florida 32025
   Position: CO 1 officer of D.O.C.
   Employed at: Columbia C.I.

8  F. Defendant: **S.D. Peterson**
   Mailing Address: 216 South East Corrections Way Lake City, Florida 32025
   Position: 4-21-2007 / 5-2-2007 Lieutenant/Captain & Chairman.
   Employed at: Columbia C.I./D.O.C.

9  G. Defendant: **C. Whitehurst, WC 100 Team Member**
   Mailing Address: 216 South East Corrections Way Lake City, Florida 32025
   Position: Classification officer
   Employed at: Columbia C.I./D.O.C.

10 E. Defendant: _____
   Mailing Address: 216 South East Corrections Way Lake City, Florida 32025
   Position: Chief Classification
   Employed at: Columbia C.I./D.O.C.

11 F. Defendant: _____
   Mailing Address: 216 South East Corrections Way Lake City, Florida 32025
   Position: Asst. Superintendant/Warden Asst.
   Employed at: Columbia C.I./D.O.C.

12 G. Defendant: Mr. Steven Singer
   Mailing Address: 216 South East Corrections Way Lake City, Florida 32025
   Position: Warden/Superintendant
   Employed at: Columbia C.I./D.O.C.

13 (E) Defendant: **DANIEL BROWN**

Mailing Address: **216 South East Corrections Way Lake City, Florida 32025**

Position: **Colonel**

Employed at: **Columbia C.I. / D.O.C.**

(F) Defendant: _____

Mailing Address: _____

Position: _____

Employed at: _____

(G) Defendant: _____

Mailing Address: _____

Position: _____

Employed at: _____

VI. **STATEMENT OF CLAIM:** State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. If the claims are not related to the same basic incident or issue, each claim must be addressed in a separate Civil Rights Complaint Form. Campbell vs. Cauthron, 623 F.2d 503;

my 1 (First) Amendment Rights when I was taken off of my supplement because I was fasting see Exhibits; my (Eighth) Amendment Rights was violated when I was Retaliated upon as that of the (5) fifth, and the (14)th fourteenth from cruel and unusual punishment, Estelle vs. Gamble, 419 U.S. 97, 97 S.Ct. 285; Benson vs. Cady, 761 F.2d 335, 339; Green vs. Carr, 581 F.2d 669; Escobar vs. Landwehr, 837 F.Supp. 288; Thornton vs. Barnes, 890 F.2d 1380, 1386.

- 7 -

DC 225
Rev. 4/92

VI. **STATEMENT OF CLAIM**: State what rights under the Constitution, laws, or treaties of the United States have been violated, and be specific. If you intend to allege a number of related claims, set forth each claim in a separate paragraph. Any claim that is not related to the same basic incident or issue must be addressed in a separate Civil Rights Form.

A.D.A Legally blind in left eye → Norcross vs. Sneed, 755 F.2d 113; Davis vs. Frank, 711 F. Supp. 447, 453. 8, 14th Amendment Chambers vs. State of Florida, 60 S.Ct. 472, 309 U.S. 227; 734 F.2d 772; 111 F.2d 201. (1940); gross negligence, Anderson vs. Creighton, 107 S.Ct. 3034; individual capacity personal participation in violation, Bennet vs. Passic, 545 F.2d 1260, 1263 (10th Cir. 1976); intentional mistreatment, Talley vs. Stephens, 442 F.2d 304, Due Process,

VII. **STATEMENT OF FACTS**: State as briefly as possible the FACTS of your case. Describe how each defendant was involved. **Do not make any legal arguments or cite any cases or statutes.** State with as much specificity as possible the facts in the following manner:

1. Name and position of person(s) involved.
2. Date(s). 4-25-2007
3. Place(s). Columbia Correctional Institutions - H - dorm - wing - 1
4. Fact(s) or event(s) giving rise to your claim, including involvement of each defendant.
5. Nature and extent of injury (i.e., physical injury or how you were harmed by the acts of the defendant(s)). I have been pleading with the Doctors to be taken off, all medication so it with not be used as a weapon against me to cause me ever more suffering and hardship along with me being put in confinement for the HIV. medication along with high blood presure medication but no they will not do so, along with trying to talk with the Doctors, Nurses in which I have not been allowed to do so concerning my health condiction or the blood in my stool or other problem because

Statement of Facts, continued:

the Doctors, Nurses, officer is more concern about the use of Tobacco Products than the health and safety of me and all the other inmates which in this protective management unit, it is a treat to my health along with every inmate in the protective management unit when some goes in to the shower and use the toilat in the shower and put it on top of the shower above the place were the water has to run down from, but that is more accepted than for me to talk with the nurse or the Doctors about the most needed lifepr-long medication or to obtain some true help for bleeding Hemorrhoids because I was told by the medical Department that I have H.I.V. And now I am also unable to recieve any help from a Neurological specialist for my feet in which I had surgery on both of them back in 1993 for the very same problems in which now due to the barriers that has been put up to keep me from recieving medical care both of my feet my be cut off and I may die from some type of tumore or cancer from bleeding Hemorrhoids, because of the Doctors, nurses, officer and the fact that I am not apart of that special well liked group or organization of the prison system.

VIII. <u>RELIEF REQUESTED</u>: State briefly what you want the Court to do for you. Again, do not make any legal arguments or cite any cases or statutes. top the Retaliation on me for using the grievance procedure to obtain medical help for myself because I do not want this HIV d Disease in which the medical Department and the officer of authority do not care if HIV is spread throughout the prison system and even into the streets of society through fights, open sore, cuts and other injuries which officer can also end up with HIV. At this time I invoke the diversity jurisdiction → United States ex rel. Fear vs. Rundle, 364 F. supp. 53; Anderson vs. Fear, 42 U.S. 1012 (1975).

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

Signed this _____ day of _____, 2_____.

Davis Julius Dawson #E-049655
Columbia Correctional Institution
216 South East Corrections Way
Lake City, Florida 32025-2013
(Signatures of all Plaintiffs)