UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DAVIS, JULIUS DAVORN,[1]

        Plaintiff,

v.                                    Case No. 3:07-cv-1056-J-12HTS

JAMES R. MCDONOUGH,
et al.,

        Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff Davis, an inmate of the Florida penal system who is proceeding pro se and in forma pauperis, initiated this action by filing a Civil Rights Complaint Form (Doc. #1) (hereinafter Complaint) pursuant to 42 U.S.C. § 1983 on November 14, 2007. Plaintiff names the following individuals as the Defendants in this action: (1) James R. McDonough, the Secretary of the Florida Department of Corrections; (2) James V. Crosby, the former Secretary of the Florida Department of Corrections; (3) Pilar Tournau, an employee of the Florida Department of Corrections in Tallahassee, Florida; (4) Pilar Gudino, an employee of the Florida Department of Corrections in Tallahassee; (5) J. Aviles, the Chief Health Officer of Union Correctional Institution; (6) W. Whitehurst, a Warden of Union Correctional Institution; (7) Paul C.

---

    [1] Plaintiff's committed name is Julius D. Davis.  see http://www.dc.state.fl.us/ActiveInmates (website for the Florida Department of Corrections' Offender Network).

Decker, a Warden of Union Correctional Institution; (8) Hiep Nguyen, M.D., a physician at Columbia Correctional Institution; (9) Morley H., a correctional officer at Columbia Correctional Institution; (10) S.D. Peterson, a correctional officer at Columbia Correctional Institution; (11) C. Whitehurst, a classification officer at Columbia Correctional Institution; (12) Steven Singer, a Warden of Columbia Correctional Institution; (13) Daniel Brown, a correctional officer at Columbia Correctional Institution; and, (14) the Medical Department at Columbia Correctional Institution.

In the Complaint, Plaintiff sets forth, in a rambling fashion, a variety of issues, ranging from medical issues (his HIV virus, blood in the stool, high blood pressure, feet problems and bleeding hemorrhoids) to his conditions of confinement at his present place of incarceration (Columbia Correctional Institution) and at his former place of incarceration (Union Correctional Institution). With respect to his conditions of confinement, he briefly mentions his fasting, retaliation, his desire to be taken off all of his medication "so it will not be used as a weapon against [him]," inmates' use of "the toil[e]t in the shower and put it on top of the shower above the place w[h]ere the water has to run down" and his not being a part "of that special well liked group or organization of the prison system." Complaint at 7-10.[2] In

---

[2] This Court notes that Plaintiff has submitted four (4) separate and distinct pages that are numbered as page seven.

2

setting forth the above-described claims, Plaintiff, in the Statement of Facts (id. at 8-9), has not named any of the individuals listed as Defendants. He generally refers to "the doctors, nurses, officer." Id. at 9.

In support of his Complaint, Plaintiff has submitted numerous grievances, which expand upon the allegations contained within the Complaint. The grievances concern his desire to be taken off all of his medications; his spiritual fasting and/or special diet; his hand problems; neurological feet problems; head dandruff issues; a disciplinary report, issued on December 2, 2003, for disobeying a verbal order; a disciplinary report, issued on June 5, 2004, for fighting with another inmate; a request to be baptized for the repentance of his sins; a disciplinary report, issued on April 8, 2005, for disobeying a verbal order; his bleeding hemorrhoids; Officer Palmer's statement that he smelled the odor of smoke and saw smoke at or near Plaintiff's cell light; a disciplinary report, issued on December 3, 2005, for disobeying regulations concerning the odor of smoke in Plaintiff's cell; and, a disciplinary report, issued on April 21, 2007, for disorderly conduct concerning his medications. Plaintiff's Exhibits 1-18.

Based on the Complaint and the exhibits submitted by Plaintiff in support of the Complaint, it appears that Plaintiff's claims mainly center upon his medical concerns. Most of the grievances he has submitted pertain to his feet issues. However, many of the

grievances are not related to the issues contained within the Complaint. Due to the rambling nature of Plaintiff's allegations and the vast range of claims he has set forth in both the Complaint and attached grievances, his failure to name any Defendants in the body of the Complaint and the fact that it appears that Plaintiff's medical concerns are being addressed,[3] this Complaint will be dismissed without prejudice to Plaintiff's refiling a case after he has reviewed his claims and has determined how each Defendant violated his federal constitutional rights.

On April 26, 1996, the President of the United States signed into law the Prison Litigation Reform Act (hereinafter PLRA). The PLRA requires this Court to dismiss this case at any time if the Court determines that the allegation of poverty is untrue, 28 U.S.C. § 1915(e)(2)(A), or the action is frivolous, malicious,

---

[3] Plaintiff's exhibits show that Plaintiff is seen in the Chronic Illness Clinic regularly for his HIV virus and his concerns associated with that condition. Plaintiff's Exhibit 14, Response to Request for Administrative Remedy or Appeal, dated January 3, 2007; Exhibit 15, Response to Request for Administrative Remedy or Appeal, dated July 10, 2007; Exhibit 18, Response to Request for Administrative Remedy or Appeal, dated May 17, 2007. Plaintiff apparently refused his appointment on June 20, 2007, in the Chronic Clinic. Plaintiff's Exhibit 15. Plaintiff has been informed that specialty consultations are ordered by the Chief Health Officer when he determines that such a consultation is medically necessary. Further, Plaintiff has been notified that special passes are ordered by the Chief Health Officer only when there is a medical need. Additionally, Plaintiff has been encouraged to cooperate with the health care staff by following the prescribed treatment regimen, which certainly includes keeping scheduled appointments for the Chronic Illness Clinic. Finally, the medical department has stated that sick call is available so that he may present his concerns to the health care staff. See Plaintiff's Exhibits 1-18.

fails to state a claim upon which relief can be granted or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

"A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir.) (citing Battle v. Central State Hospital, 898 F.2d 126, 129 (11th Cir. 1990)), cert. denied, 534 U.S. 1044 (2001). A complaint filed in forma pauperis which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. Neitzke v. Williams, 490 U.S. 319, 328 (1989). Section 1915(e)(2)(B)(i) dismissals should only be ordered when the legal theories are "indisputably meritless," id. at 327, or when the claims rely on factual allegations which are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 32 (1992). "Frivolous claims include claims 'describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.'" Bilal, 251 F.3d at 1349 (quoting Neitzke, 490 U.S. at 328).

Additionally, in any § 1983 action, the initial inquiry must focus on whether the two essential elements to a § 1983 action are present:

> (1) whether the person engaged in the conduct complained of was acting under color of state law; and (2) whether the alleged conduct deprived a person of rights, privileges or immunities guaranteed under the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912-13, 68 L.Ed.2d 420 (1981), overruled on

5

>     other grounds by, <u>Daniels v. Williams</u>, 474
>     U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662
>     (1986); <u>Burch v. Apalachee Community Mental
>     Health Services, Inc.</u>, 840 F.2d 797, 800 (11th
>     Cir. 1988), <u>aff'd</u> <u>by</u>, <u>Zinermon v. Burch</u>, 494
>     U.S. 113, 110 S.Ct. 975, 108 L.Ed.2d 100
>     (1990).

<u>Duke v. Massey</u>, 87 F.3d 1226, 1231 (11th Cir.), <u>reh'g and suggestion for reh'g en banc denied</u>, 98 F.3d 1355 (11th Cir. 1996); <u>Hale v. Tallapoosa County</u>, 50 F.3d 1579 (11th Cir. 1995).

Here, Plaintiff has failed to state how each Defendant has violated his federal constitutional rights.[4] While Plaintiff has set forth a variety of allegations and claims both in the Complaint and in the supporting exhibits, it is unclear how each Defendant violated his federal constitutional rights. His general reference to "doctors, nurses, officer" is insufficient to apprise the Court as to how each Defendant violated his federal constitutional rights. Further, Plaintiff should note that he has included, in this Complaint, numerous unrelated claims apparently occurring at two separate institutions (Union Correctional Institution and Columbia Correctional Institution). In refiling, he should file separate complaints for the unrelated claims. For example, he may

---

[4] Plaintiff should review the claims to insure compliance with the requirements of 42 U.S.C. § 1983 and should allege facts showing how the <u>named</u> <u>defendant</u> violated his federal constitutional rights. For liability under 42 U.S.C. § 1983, Plaintiff must allege an affirmative causal connection between the Defendant's conduct and the constitutional deprivation. <u>Swint v. City of Wadley, Alabama</u>, 51 F.3d 988 (11th Cir. 1995); <u>Tittle v. Jefferson County Commission</u>, 10 F.3d 1535, 1541 n.1 (11th Cir. 1994).

file one Complaint to address any violations of his religious rights and another Complaint to challenge a disciplinary report. Claims concerning conditions of confinement at Union Correctional Institution should be filed separately from those pertaining to Columbia Correctional Institution.

Therefore, for all of the above-stated reasons, this case will be dismissed without prejudice to Plaintiff's right to refile after he reviews his claims and evaluates how the each Defendant participated in violating his federal constitutional rights.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1. This case is hereby **DISMISSED WITHOUT PREJUDICE.**

2. The Clerk of the Court shall enter judgment dismissing this case without prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this 21st day of November, 2007.

*Howell W. Melton*
UNITED STATES DISTRICT JUDGE

sc 11/16
c:
Julius Davorn Davis